## CIRCUIT COURT OF LOUDOUN COUNTY

Leesburg Pawn, Inc.

v.

Plaza, Inc., and
Javid Owji

November 2, 1995

Case No. (Law) 16798

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of the Defendants. After consideration of the argument of counsel on October 6, 1995, and the documents filed in this case, the Demurrer is sustained in part and overruled in part for the reasons that follow.

A demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered. However, a demurrer does not admit the correctness of any conclusions of law contained in the pleading. *Fox v. Custis*, 236 Va. 69, 71 (1988). The facts alleged in the Motion for Judgment are recited herein only to the extent needed to explain the Court's decision.

This controversy arises out of the Agreement of Purchase and Sale entered into by the corporate parties for the purpose of transferring ownership of certain assets from Plaza, Inc., to Leesburg Pawn, Inc., as well as for the purpose of facilitating the transfer of the Plaintiff's pawn license to the corporate Defendant. The transfer of the assets transpired without apparent complication. The transfer of the pawn license, however, went less smoothly in that, following the transfer of the assets and the completion of the documents necessary to facilitate the transfer of the pawn license, Defendant Owji, the sole owner, director and shareholder of Plaza, Inc., met with the Town of Leesburg's Town Manager and persuaded him to reject the transfer of the pawn license, informing him that he would keep his pawn shop open. The Plaintiff now seeks recovery and punitive dam-

ages for breach of contract, fraud, constructive fraud, and interference with a business expectancy.

Each ground of the Demurrer is addressed below.

## Breach of Contract

The Defendants demur to the Plaintiff's claim of breach of contract, asserting that the Motion for Judgment does not allege that the Defendants failed to perform any duty that they were contractually bound to perform.

Pursuant to the express terms of the Agreement of Purchase and Sale, the corporate Defendant was obligated, with regards to the transfer of the pawn license, solely to execute "all documents reasonably necessary to assist Purchaser in applying for transfer of Seller's Pawn License to a Trade Name to be used by Purchaser." The Plaintiff alleges in the Motion for Judgment, however, that Mr. Owji did indeed timely execute the documents necessary to accomplish the transfer of the pawn license to the Plaintiff. Therefore, by the Plaintiff's own admission, the Defendants performed the entirety of their duty under the agreement.

Furthermore, performance of the contract in question was not, under the terms of the Purchase and Sale Agreement, contingent upon the transfer of the pawn license. In fact, the Agreement of Purchase and Sale states unequivocally, in two different sections no less, that Plaza, Inc., neither guarantees nor represents that the transfer of its license to Leesburg Pawn, Inc., will be approved by the appropriate governmental authorities. Thus, given the facts alleged in the pleadings, the Defendants had no contractual duty to ensure that the Town of Leesburg would grant the transfer of the pawn license to the Plaintiff.

Accordingly, the Demurrer is sustained on this ground.

## Fraud and Constructive Fraud

The Defendants further assert that the Plaintiff's Motion for Judgment fails to set forth a claim of fraud or constructive fraud. They argue that whatever affirmative oral misrepresentations, if any, they made to the Plaintiff that they would act in good faith cannot form the basis of a fraud claim as they are not and do not become a part of the parties' written agreement.

While I am not prepared to adopt the Defendants' position that no oral representation made in conjunction with an unambiguous written agreement can form the basis of a fraud claim, I am of the opinion that there is no allegation contained in the Motion for Judgment that the Defendant

made any false or misleading statement relied upon by the Plaintiff to its detriment.

The Motion for Judgment specifically alleges that the Defendants "made oral representations that they would act in good faith in complying with their duties under the Agreement." As stated above, though, the Defendants, by the Plaintiff's own admission, completely fulfilled their obligations under the agreement. They executed the required documents. Thus, as there is no allegation that the Defendants acted without good faith in executing the documents necessary to transfer the pawn license, I cannot find that the alleged representations attributed to the Defendants to act in good faith in performing their contractual duties are either false or misleading.

Accordingly, the Demurrer is sustained on these two grounds.

### Interference with Business Expectancy

In Virginia, a party to a contract has property rights in profits that are anticipated from the contract, and one who intentionally interferes with those rights is subject to tort liability. *Duggin v. Adams*, 234 Va. 221, 225 (1987). The requisite elements of the intentional tort of interference with contractual relations or business expectancy are as follows:

> (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

Id. at 226.

The Defendants assert that because the contract between the parties did not require the actual transfer of the pawn license and in fact expressly acknowledged the possibility that the transfer might be denied by the applicable governmental authorities, no valid expectancy arising from the contract existed.

While I agree with the Defendants' claim that no contractual relationship existed that required the actual transfer of the pawn license to the Plaintiff, I cannot agree that the Purchase and Sale Agreement's acknowledgment that the transfer of the pawn license might not be approved precludes the Plaintiff from having a valid expectancy that the license would

be transferred. However the Defendants chose to characterize it, such an acknowledgment clearly cannot be taken as leave for the Defendants, having received the benefit of their bargain under the terms of the contract, to intentionally, without justification, disrupt with impunity the end results anticipated by the Plaintiff. I, therefore, feel that Leesburg Pawn, Inc., while aware that it might not receive the license, reasonably anticipated that its request for a transfer of the license would be approved. Thus, I find that the existence of a valid business expectancy is sufficiently alleged.

Furthermore, I am of the opinion that the allegations that Mr. Owji went to Leesburg's Town Manager and instructed him to deny the transfer of the pawn license to the Plaintiff and that as a result of Mr. Owji's actions, the Town of Leesburg did not transfer the pawn license to the Plaintiff are sufficient to raise a question of fact as to the issue of whether Mr. Owji intentionally interfered with the Plaintiff's business expectancy. Additionally, the allegation that Mr. Owji is the sole owner, shareholder, and director of Plaza, Inc., is sufficient to support a claim against Plaza, Inc., on this ground.

Hence, in that it properly alleges that the Defendants intentionally interfered with the Plaintiff's business expectancy, the Motion for Judgment states a cause of action against the Defendants sufficient to withstand demurrer. Accordingly, the Demurrer is overruled on this ground.

### Punitive Damages

The Defendants, relying on *Foreign Mission Board v. Wade*, 242 Va. 234, 241 (1991), assert that because the Plaintiff failed to state a cause of action in tort independent of the contractual duties between the parties, its claim for punitive damages must fail.

In light of the findings set forth in the previous section of this letter, I must disagree with the Defendants' premise that the Plaintiff has failed to state a cause of action in tort independent of the contractual duties between the parties. Here, the duty alleged to have been breached is a common law duty not to interfere with a business expectancy, not a duty existing between the parties solely by virtue of the contract. *See Id.*, at 241. Thus, I cannot find that the Plaintiff has failed to allege a state of facts which, if proved, will not warrant a finding of punitive damages.

Accordingly, the Demurrer is overruled on this ground.